**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

HECTOR JAVIER SEGURA-FIGUEROA,

Petitioner,

v.

WARDEN, MESA VERDE DETENTION CENTER, et al.,

Respondents.

Case No. 1:26-cv-07298-JLT-HBK

A-Number: 089-806-587

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING

(Doc. 1.)

Hector Javier Segura-Figueroa is a federal immigration detainee proceeding with a habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is from Mexico. He entered the United States as a child at an unknown time and place without being admitted or paroled after inspection by an immigration officer.[1] (Doc. 8-1 at

[1] Petitioner's past immigration history is unclear. According to the form I-213 submitted by Respondent, Petitioner's father became a naturalized U.S. citizen since April 16, 1997, and filed a form I-130 which was approved on January 31, 2003. (Doc. 8-1 at 1.) On March 7, 2019, Petitioner filed a form N400 to attempt to naturalize in the United States, but "he was never able to file this document because he never became an LPR [lawful permanent resident]." (*Id.*) In response, Petitioner claims he "can claim derivative

1.) Petitioner has been diagnosed with autism spectrum disorder. (Doc. 1 at 2.) On November 2, 2021, Petitioner was convicted of Infliction of Corporal Injury on a Spouse in violation of California Penal Code § 273.5, for which he was sentenced to 364 days in jail. (Doc. 8-1 at 3.) On May 20, 2026, Petitioner was arrested for possession of a firearm in a public place. (*Id.*) On July 10, 2026, Petitioner was arrested by ICE pursuant to warrant issue the day before when he appeared for a criminal hearing. (*Id.* at 2; *see also* Form I-200 Warrant for Arrest of Alien, Doc. 8-2.) Petitioner was served with a Notice to Appear charging him pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 8-4.) On August 6, 2026, Petitioner was served a Form I-286 Notice of Custody Redetermination and requested a bond hearing before an immigration judge. (Doc. 8-5.) Approximately a week before Petitioner filed his Petition, he was scheduled for a bond hearing on August 24, 2026, but was not brought to court due to medical quarantine. (Doc. 8-6.) Petitioner is currently detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (Doc. 1 at 1.) On September 10, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is being detained in violation of the Due Process Clause of the Fifth Amendment. (*See* Doc. 1 at 3.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondent concede that the detention authority in this case is 8 U.S.C. § 1226, yet

citizenship due to the fact that his father was naturalized as a U.S. citizen when the Petitioner was eleven years old." (Doc. 9 at 1.) As support, Petitioner attached a Freedom of Information/Privacy Act Request made by Petitioner's father in 2006 which requests "the case number for the application I-130 that was approved on behalf of my son HECTOR JAVIER SEGURA FIGUEROA. Petition I-130 was submitted on 2001." (*Id.* at 5-6.)

contend this petition for a writ of habeas corpus should be denied because "Petitioner has and will receive all the procedural protections under 8 U.S.C. § 1226," as Petitioner can reschedule the bond hearing pursuant to 8 C.F.R. § 1003.19. (Doc. 8 at 1-2.) To the extent this suggests the argument that Petitioner should be required to exhaust remedies by requesting a bond hearing, this habeas petition is construed as a request for a bond hearing. Therefore, Petitioner is entitled to a bond hearing under § 1226(a) at which he "will be released on bond if he demonstrates by a preponderance of the evidence that he is not a fight risk or a danger to the community." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). Given there is no record of prior consideration of danger to the community or a flight risk, the Court finds it appropriate to order an initial bond hearing. *See R.P.V., v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026). Thus, for the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

3. **<u>At least 72 hours before</u>** the scheduled hearing, Respondents **SHALL** provide Petitioner with written notice of the bond hearing. Such written notice **SHALL** be personally delivered to Petitioner absent exigent circumstances. Petitioner **SHALL** have the right to be represented by counsel at the hearing, and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

4. Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded. **At the bond hearing, the immigration judge SHALL make a factual finding on the record as to whether Petitioner received proper notice pursuant to this Court's order.**

5. The Clerk of Court is directed to serve the Mesa Verde ICE Processing Center in Bakersfield, California, with a copy of this Order.

6. The Clerk of Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: _November 18, 2026_

UNITED STATES DISTRICT JUDGE